SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Sonny Junior Rodriguez,**<br>Petitioner<br>-vs-<br>**Andrew G. Klein, et al.,**<br>Respondent(s) | CV-05-3852-PHX-NVW (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 29, 2005 (#7). On January 31, 2006, Respondents filed their Answer (#14). Petitioner filed a Reply on February 24, 2006 (#15).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Petitioner was charged, under the name Joseph Valdez, with one count of car theft and one count of unlawful flight. (Exhibit A, Complaint.) (Exhibits to the Answer, #14, are referenced herein as "Exhibit ___.") He was subsequently charged, in a separate case under the name Sonny Junior Rodriguez, with a second count of car theft. (Exhibit C.) The two cases were consolidated, but Petitioner was found to be incompetent to stand trial. (Exhibit D, M.E.

2/6/03.)  Upon a redetermination hearing some six months later, Petitioner was found competent to proceed.  (Exhibit E, M.E. 9/9/03.)

Petitioner subsequently entered into plea agreements (Exhibits G & H), and entered a plea of guilty to the car theft counts in each case.  (Exhibit F, M.E. 3/5/4.)  Petitioner was sentenced to the stipulated prison terms of 8.5 years on each of the car theft counts, with the sentences to run concurrently.  (Exhibit J, R.T. 4/30/04 at 18-19.)

### B. PROCEEDINGS ON DIRECT APPEAL

Having pled guilty, Petitioner waived his right to file a direct appeal.  *See* Ariz. Rev. Stat. § 13-4033(B) (no right to appeal from a conviction entered pursuant to a plea agreement).

### C. PROCEEDINGS ON POST-CONVICTION RELIEF

On May 10, 2004, Petitioner filed notices of post-conviction relief in both cases. (Exhibit K.) Appointed counsel filed a Notice of Completion of Post Conviction Review, finding no tenable issues for relief. (Exhibit L.) Counsel was ordered to remain in an advisory capacity, and Petitioner was given 45 days to file a *pro per* petition for post-conviction relief. (*Id.* at M.E. 2/25/05.)  Petitioner filed his *pro per* petition, arguing (1) that his plea was coerced by a threat of 50 years in prison, and (2) that the trial court failed to consider, as mitigation, Petitioner's mental health history. (Exhibit M.)

Three months later, on July 13, 2005, Petitioner filed a Motion for Leave to File Supplemental Petition and a Supplemental Petition for Post-Conviction Relief, raising several new claims, including a challenge to his 8.5-year sentences pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (Exhibit O.)

On July 27, 2005, the trial court struck the supplemental petition as being filed without leave and without showing good cause to amend, and summarily dismissed the original petition for failure to state a colorable claim for post-conviction relief. (Exhibit P, M.E. 7/27/05.)  The trial court also subsequently denied a motion for rehearing.  (Exhibit Q, M.E. 9/5/05.)

Petitioner did not file a petition for review of that decision by the Arizona Court of

1 Appeals.

### D. PETITION FOR SPECIAL ACTION

On October 21, 2005, Petitioner filed a Petition for Special Action seeking an order directing the trial court to accept Petitioner's supplemental PCR petition, and to decide Petitioner's claims for relief. (Exhibit R.) The Arizona Court of Appeals declined to accept jurisdiction. (Exhibit S, Order 10/24/05.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced this federal proceeding by filing his original Petition for Writ of Habeas Corpus (#1) on November 28, 2005. That Petition was dismissed with leave to amend. (Order 12/7/05, #3.) On December 29, 2005, Petitioner filed his Amended Petition (#7). Petitioner's Amended Petition asserts four claims: (1) he was denied the right to appeal in violation of due process and equal protection, (2) he was denied the right to counsel, (3) his sentence violated due process, and (4) the state court lacked jurisdiction to impose a sentence.

On January 31, 2006, Respondents filed their Answer (#14) arguing that each of Petitioner's claims were either not raised at all in the state courts, or not raised in a procedurally appropriate manner. Therefore, they argue that each claim is procedurally defaulted, and federal habeas review is barred.

On February 24, 2006, Petitioner filed a Reply (#15), arguing that: (1) Petitioner is mentally ill and being assisted by another inmate; (2) the Answer should be stricken because it does not respond to the merits of Petitioner's grounds for relief; (3) no procedural default can occur because the trial court lost jurisdiction over Petitioner to the civil commitment court; (4) the trial court erroneously concluded that Petitioner had not filed a motion for leave to file his supplemental PCR petition; and (5) the limited legal materials available to Petitioner did not allow him to discover how to seek review on his PCR petition.

//
//

## III. APPLICATION OF LAW TO FACTS

Respondents argue that Petitioner has failed to exhaust his state remedies on his claims, because he never fairly presented the claims to the state appellate courts. They further argue that the claims are now procedurally defaulted, and thus must be dismissed with prejudice.

### A. EXHAUSTION

**Exhaustion Required** - Generally, a federal court has authority to review a federal constitutional claim presented by a state prisoner only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam). The exhaustion doctrine, first developed in case law has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[1]

**Petitioner's Claims Not Exhausted** - Respondents argue and the record reflects that

---

[1] The undersigned notes that Respondents argue that the reasoning of *Swoopes* was undermined by *Baldwin v. Reese*, 541 U.S. 27 (2004). However, *Castillo* was decided after *Baldwin*, leaving this Court to conclude that the Ninth Circuit has found *Swoopes* to have survived *Baldwin*.

1  Petitioner did not present the federal claims raised in this Petition to the state appellate courts. Indeed, the only appellate filing made by Petitioner was his petition for special action challenging the denial of his motion to supplement.  However, where a claim is cognizable in the Arizona courts on direct appeal or in a Rule 32 post-conviction relief proceeding, presenting it in some other proceeding is not adequate to exhaust state remedies. *Roettgen*, 33 F.3d at 38.

In Arizona, a petition for special action is a method for seeking extraordinary judicial relief and is not an adequate substitute for raising the claims on direct appeal or in a petition for review from a petition for post-conviction relief. *See* Ariz.R.Spec. Actions 1 ("[e]xcept as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal"); *King v. Superior Court*, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (en banc) ("jurisdiction is usually refused when there is an adequate remedy available to the petitioner by appeal"). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roentgen*, 33 F.3d at 38.

Even if Petitioner's special action was properly filed, it did not result in exhaustion. Indeed, Petitioner's petition for special action may have been properly filed as seeking review of an interlocutory order.[2] *See e.g. State ex rel. Thomas v. Blakey,* 211 Ariz. 124, 118 P.3d 639 (Az. App. 2005) (trial court's order denying motion to proceed in absentia involved an interlocutory order from which the State had no right of appeal, and therefore was appropriately challenged by special action). It did not, however, result in a fair presentation of Petitioner's substantive claims to the Arizona Court of Appeals. To result in exhaustion, claims must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if petitioner has described both the

---

[2] Arguably, however, the order was not truly interlocutory, inasmuch as the same order denying the motion to supplement also denied the petition. *See* Exhibit P.

- 5 -

1  operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315
2  F.3d 1063, 1066 (9th Cir. 2003). Petitioner's petition for special action sought review only
3  of the denial of his motion to supplement, and do not raise the claims Petitioner now asserts
4  in his habeas petition.

5        Finally, even if the petition for special action were deemed to have been a fair
6  presentation of Petitioner's habeas claims, Petitioner failed to exhaust available remedies by
7  pursuing an appeal of the Court of Appeals to the Arizona Supreme Court. *See* Ariz.R.Spec.
8  Action 8(b) ('[g]rant or denial of special action relief by the Court of Appeals, including a
9  refusal to take jurisdiction in the case, shall be reviewed by the Supreme Court "). While
10 *Swoopes* holds that presentation to the Arizona Court of Appeals is adequate, that decision was
11 concerned with direct appeals and petitions for review from petitions for post-conviction
12 relief. *Swoopes* is based in large part upon the Arizona Supreme Court's decision in *State v.*
13 *Sandon,* 161 Ariz. 157, 777 P.2d 220 (1989), declaring that review by the Arizona Supreme
14 Court was not "available" for federal exhaustion purposes in certain circumstances. However,
15 *Sandon* discussed only the rights of review from direct appeals and petitions for review from
16 petitions for post-conviction relief. Accordingly, there is no Arizona law holding that review
17 of a Court of Appeals decision on a special action is not "available" for federal exhaustion
18 purposes.

19       In sum, Petitioner failed to fairly present his federal claims to the Arizona Court of
20 Appeals. Accordingly, his grounds for relief were not properly exhausted. Ordinarily, that
21 would mandate the dismissal of his claims, without prejudice. *Johnson v. Lewis,* 929 F.2d
22 460, 463 (9th Cir. 1991).

24 **B.  PROCEDURAL DEFAULT**

25       However, Respondents argue that Plaintiff has not merely failed to exhaust, but has
26 procedurally defaulted his un-presented claims. As an alternative to presenting his claims to
27 the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating
28 that no state remedies remained available at the time the federal habeas petition was filed.

*Engle v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). If, however, the bar to presenting the claims is of the petitioner's own making, then he may be precluded from seeking habeas relief.

> If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.

*Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). This failure to comply with reasonable state procedures is usually characterized as "procedural default." Where an unexhausted claim would clearly be barred as a result of a procedural default, dismissal without prejudice is not necessary, and the claim may be dismissed with prejudice as procedurally defaulted. *Johnson v. Lewis*, 929 F.2d 460 (9th Cir. 1991). Thus, to the extent that Petitioner's claims are now procedurally defaulted, they are barred from consideration.

Plaintiff can no longer seek direct review. Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, the Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31.

Nor can Petitioner now seek review of his PCR petition. Rule 32.9(c), Ariz. R. Crim. Proc., provides that petitions for review on PCR petitions must be filed within "thirty days after the final decision of the trial court on the petition for post-conviction relief ."

Similarly, Plaintiff cannot seek review by a second petition for post-conviction relief. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition). While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to him.

Accordingly, it appears that Petitioner's unexhausted claims are procedurally defaulted.

Dismissal with prejudice of a procedurally barred or procedurally defaulted habeas claim is generally proper absent "cause and prejudice" to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984); *Tacho v. Martinez,* 862 F.2d 1376, 1380 (9th Cir. 1988).

**Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed*, 468 U.S. at 11. "Cause" is the legitimate excuse for the default. *Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir. 1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton,* 894 F.2d 1268, 1274 (11th Cir. 1990) (*quoting Reed,* 468 U.S. at 13), *cert. denied,* 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials", (citation omitted), made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

Petitioner argues in his Reply that he has good cause for his failure to properly exhaust his state remedies. However, none of his arguments bear scrutiny.

<u>Mental Illness and Pro Se Status</u> - Petitioner argues that he is mentally ill and being assisted by another inmate. While that may be Petitioner's current predicament, it was not at the time that his procedural default occurred, namely at the time of his petition for post-conviction relief. Petitioner was represented by counsel in his PCR proceeding. While counsel filed a notice of inability to find a viable claim, counsel was ordered to remain of record in an advisory capacity. (Exhibit L.) *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th

1 Cir. 1988) (no cause shown by mentally ill inmate reliant upon jailhouse lawyers, where
2 represented in PCR proceedings).

3 Moreover, while Petitioner was not represented by counsel when he filed his
4 supplemental PCR petition or his petition for review, Petitioner fails to offer any evidence that
5 his mental conditions precluded him from filing briefs that addressed his habeas claims.  It
6 must be noted that the "cause and prejudice" standard is equally applicable to untrained *pro*
7 *se* litigants.  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986)
8 ("circumstances, although unfortunate, are nevertheless insufficient to meet the cause
9 standard" where inmate was illiterate and jailhouse lawyer was released before necessary
10 appeal could be filed).  While Petitioner undoubtedly suffers from some mental conditions,
11 he was eventually found competent to proceed to trial, and acknowledges in his Reply that he
12 has been receiving psychiatric care.  (Reply, #15 at 2.)   Further, at the time that Petitioner
13 could have been filing a petition for review on his PCR petition, he was instead preparing and
14 filing his petition for special action.  That filing reflects Petitioner's assistance from "a fellow
15 inmate who is trained in the law."  (Exhibit R, Petition at 6.)  *See Tacho*, 862 F.2d at 1381
16 (refusing to find "cause" where mentally ill inmate had assistance from other inmates in PCR
17 proceedings).   Petitioner had resources available to him at that time to file coherent,
18 meaningful filings with the state courts.  Unfortunately, Petitioner chose the wrong process
19 to pursue, e.g. a special action rather than a petition for review.   However, the fact that
20 Petitioner's assistance may have been  from "incompetent 'jailhouse lawyers'" does not
21 establish cause.  *Id.*

22 Form of Answer - Petitioner complains that Respondents have not responded to the
23 merits of his Petition.  (Reply, #15 at 4.)  He argues that the response should be stricken.
24 There is nothing inappropriate about a response limited to a complete procedural defense.
25 Indeed, the Court's service Order specifically provided that Respondents could "file an answer
26 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
27 procedural bar, or non-retroactivity."  (#10 at 4.)  More importantly, Respondents' form of
28 Answer in this proceeding would have had no impact on Petitioner's actions in the state courts

1  prior to this habeas proceeding.

2  <u>Lack of Trial Court Jurisdiction and Errors</u> - Petitioner also asserts that no procedural
3  default can occur because the trial court lost jurisdiction over Petitioner to the civil
4  commitment court, and the trial court erroneously concluded that Petitioner had not filed a
5  motion for leave to file his supplemental PCR petition. (Reply, #15 at 6.) However, these are
6  exactly the types of claims that a Petitioner must exhaust before seeking federal review.
7  Petitioner should have raised these claims on direct appeal or in a petition for review on his
8  PCR petition.

9  <u>Limited Legal Materials</u> - Finally, Petitioner argues that the limited legal materials
10  available to Petitioner did not allow him to discover how to seek review on his PCR petition.
11  A *pro se* petitioner may be able to establish cause if he can establish a lack of access to the
12  law, as opposed to a lack of knowledge of the law. *See e.g. Dulin v. Cook,* 957 F.2d 758 (10th
13  Cir. 1992) (remanding for a determination of cause where a pro se petitioner's incarceration
14  in Nevada precluded access to Utah legal materials required to challenge a Utah conviction).
15  *Compare Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir. 2000) (holding lack of library
16  materials may establish an "impediment" which would toll the statute of limitations applicable
17  to habeas petitions). The petitioner must establish, however, that the lack of access resulted
18  in an inability to assert his claims. *See e.g. Thomas v. Lewis,* 945 F.2d 1119 (9th Cir. 1991)
19  (finding no "cause" where despite lack of resources generally, pro se prisoner had not shown
20  personal deprivation, and had managed to file other adequate petitions.)

21  Here, Petitioner asserts that "[t]he ADC version of the Rules of Court (Compact
22  Edition) provided Rodriguez with no remedy and or instruction under Rule 32." (Reply, #15
23  at 9.) This assertion is belied by the Motion for Rehearing filed by Petitioner following the
24  denial of PCR petition. In that Motion, Petitioner cites extensively to rule 32 of the Arizona
25  Rules of Criminal Procedure, including references to rule 32.9, 32.1, 32.2, 32.5, 32.6 and the
26  comments to rule 32.6 (Exhibit Q, Motion at 1, 5.) The procedures for seeking review of a
27  denial of a PCR petition by way of a petition for review are set out in Rule 32.9. Petitioner
28  does not specify why the versions of the Arizona rules provided to him were not adequate for

- 10 -

him to determine how to properly proceed.

<u>Summary re Cause and Prejudice</u> - Petitioner offers no legitimate "cause" which precluded him from properly exhausting his state remedies. Accordingly, the undersigned does not reach the question of "actual prejudice." *See Engle*, 456 U.S. at 134 n. 43.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 909 (9th Cir. 1986). Failure to establish cause may be excused under exceptional circumstances, for instance "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Here, however, Petitioner does not argue that he was actually innocent of the charges for which he was convicted. Moreover, the substance of his habeas claims all focus on procedural aspects of the prosecution, not on his guilt or innocence.

## C.  SUMMARY AND DISPOSITION

None of the grounds for relief in Petitioner's Petition were properly exhausted, and they are all now procedurally defaulted. Petitioner has failed to show cause to excuse his procedural default, or actual innocence to allow this Court to consider his claims notwithstanding his procedural default. Accordingly, the Petition must be dismissed with prejudice. *Reed*, 468 U.S. at 11.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed December 29, 2005 (#7) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

1  However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall
2  have ten (10) days from the date of service of a copy of this recommendation within which to
3  file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section
4  2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response
5  to the objections.  Failure to timely file objections to any factual or legal determinations of
6  the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
7  the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: June 5, 2006                              _____
                                                                    JAY R. IRWIN
                                                                    United States Magistrate Judge

X:\Civil Cases\Active Cases\Rodriguez 2-05CV3852\05-3852-7r RR 06 05 04 re HC.wpd